**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 95-40392
(Summary Calendar)

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESSE LEE SUGGS,

Defendant-Appellant.

Appeal from the United States District Court
For the Eastern District of Texas
(4:94-CR-57)

December 13, 1995

Before JOLLY, JONES, and STEWART, Circuit Judges.

PER CURIAM:*

In this appeal from his jury conviction for 23 counts of wire fraud in violation of 18 U.S.C. § 1343, appellant contends that the evidence was insufficient. Viewing the evidence and drawing all reasonable inferences in the light most favorable to the government, the jury could have found that the appellant engaged in a scheme to defraud. United States v. Ivey, 949 F.2d 759, 766 (5th Cir. 1991), cert. denied, 113 S. Ct. 64 (1992). Therefore, we find the evidence was sufficient to support the appellant's conviction for 23 counts of wire fraud.

The appellant also contends that the indictment was insufficient. We hold that the indictment was sufficient. See United States v. Arlen, 947 F.2d 139, 145 (5th Cir. 1991), cert. denied, 503 U.S.

---

*Local Rule 47.5 provides: "The publicat ion of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the court has determined that this opinion should not be published.

939 (1992).

The appellant also contends that the district court abused its discretion in refusing to give a good faith jury instruction. See United States v. Tomblin, 46 F.3d 1369, 1378 (5th Cir. 1995); United States v. Chaney, 964 F.2d 437, 444 (5th Cir. 1992). Because Suggs never tendered his version of a good faith instruction to the court, he failed to establish the predicate for review of the court's instructions. Chaney, supra.

The appellant also contends that the district court abused its discretion in denying his motion for a new trial based on newly discovered evidence. The allegedly new evidence was merely impeaching and to some extent cumulative of the victim's trial testimony, and probably would not have resulted in an acquittal. See United States v. Jaramillo, 42 F.3d 920, 924 (5th Cir.), cert. denied, 115 S. Ct. 2014 (1995).

AFFIRMED.